# FEDERAL COMPLAINT (PRO SE)

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

Kwame Blackwood

Plaintiff,

v.

Boys & Girls Club of Tampa Bay, Inc.

Defendant.

Case No.: _____

8:25-cv-3387-SDM-AAS

COMPLAINT AND JURY DEMAND

---

## 1. PARTIES

**Plaintiff:**

Kwame Blackwood

Former Youth Development Professional / Art Program Lead

Giunta Middle School Site

Resident of Hillsborough County, Florida

**Defendant:**

Boys & Girls Club of Tampa Bay, Inc.

Hillsborough County, Florida

Employer under Title VII and ADA

IFP

## 2. JURISDICTION & VENUE

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the Americans with Disabilities Act (ADA).

2. Jurisdiction is proper under 28 U.S.C. § 1331 (federal question).

3. Venue is proper because the unlawful employment practices occurred in Hillsborough County, Florida.

## 3. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Plaintiff filed an EEOC charge on April 7, 2025.

2. The EEOC issued a Notice of Right to Sue dated ~~(insert date received)~~ September 17th, 2025.

3. This lawsuit is filed within 90 days of Plaintiff's receipt of that notice.

## 4. STATEMENT OF FACTS

### Employment Background

1. Plaintiff worked for Defendant from July 6, 2024 until April 9, 2025.

2. Plaintiff led the Art Program at the Giunta Middle School site and consistently received strong feedback from youth and staff.

3. Plaintiff disclosed a diagnosis of ADD, which affects executive functioning and time management.

## A. Sexual Harassment (Dec 16, 2024)

4. On December 16, 2024, senior staff member Lisa McClendon initiated unwanted physical contact toward Plaintiff.

5. Plaintiff attempted to address this with her on January 16, 2025, but the situation escalated and no investigation was opened.

6. Defendant failed to document, investigate, or correct the harassment, creating a hostile work environment.

## B. Disability-Related Scheduling Issues & Shifting Time Policies

7. Plaintiff repeatedly received write-ups in early 2025 for clocking in between 2:03–2:08 PM, even though the written policy allowed a 15-minute grace period (unexcused after 2:15 PM).

8. When Plaintiff contacted HR for clarification, HR claimed the policy had changed in January — yet no documentation was ever provided.

9. Plaintiff's ADD requires consistent expectations, but Defendant:

    - enforced shifting, undocumented standards,
    - declined to clarify the policy despite multiple requests, and
    - used these inconsistencies as discipline.

10. These actions interfered with Plaintiff's disability and constitute failure to accommodate under the ADA.

## C. Retaliatory Revival of a CLOSED Incident

11. On March 27, 2025, Plaintiff's supervisor Faith White revived an old student-related incident that had already been fully investigated and closed by the school.

12. Faith claimed new "video evidence" existed but refused to show it.

13. Plaintiff was pressured to sign a misleading write-up and nearly disciplined in front of students.

14. This appeared retaliatory and not corrective.

## D. Suspension, Hidden Policy, and Retaliatory Termination

15. On March 28, 2025, Plaintiff was placed on paid suspension by HR — not by Faith — indicating internal disagreement about the disciplinary process.

16. On April 3, 2025, while Plaintiff was suspended, Defendant sent an updated contract containing a newly attached "Late Policy" dated April 1, 2025.

17. This "hidden policy" appeared to be a retroactive attempt to justify discipline already issued under the old (or undocumented) rules.

18. Plaintiff filed an EEOC charge on April 7, 2025 for retaliation and disability discrimination.

19. Plaintiff was terminated on April 9, 2025, only two days after filing the EEOC charge.

20. The reasons given for termination relied on the disputed time write-ups and the closed incident, demonstrating retaliatory motive.

## 5. LEGAL CLAIMS

### COUNT I: Retaliation (Title VII & ADA)

Defendant retaliated against Plaintiff by issuing baseless discipline, reviving closed incidents, imposing shifting standards, suspending Plaintiff, and terminating Plaintiff two days after filing an EEOC complaint.

### COUNT II: Disability Discrimination (ADA)

Defendant failed to reasonably accommodate Plaintiff's disclosed ADD and instead punished him based on inconsistent and unclear policies directly related to his disability.

### COUNT III: Hostile Work Environment (Title VII)

Defendant allowed harassment by senior staff to go uninvestigated, ignored Plaintiff's reports, and created an unsafe work environment.

### COUNT IV: Wrongful Termination

Plaintiff's termination was based on retaliatory motives, inconsistent policy enforcement, and the use of a previously closed incident.

---

## 6. DAMAGES

Plaintiff seeks:

- Back pay
- Front pay
- Compensatory damages for emotional distress
- Punitive damages
- Attorney's fees and costs (once counsel is retained)
- Any additional relief the Court deems just

## 7. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

---

## PLAINTIFF SIGNATURE LINE

Respectfully submitted,

Kwame Blackwood

(Pro Se Plaintiff)

Address: 14886 Paddock Pond Ave, Lithia, FL 33547

Email: Kwamegblackwood@gmail.com

Phone: 656 999 4017

Date: December 11th, 2025

*Kwame Blackwood*